United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOAB INVESTMENT GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND A. MORENO,<br><br>Defendant.<br>_____/ | No. C-14-0092 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**(Docket No. 6)** |

Currently pending before the Court is Plaintiff MOAB Investment Group LLC's motion to remand. Having considered the papers submitted,[1] the Court Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for February 20, 2014. The Court hereby **GRANTS** the motion and remands the case back to the San Mateo Superior Court.

## I.  DISCUSSION

MOAB initiated this unlawful detainer lawsuit in state court on October 16, 2013. *See* Docket No. 1 (complaint). On January 7, 2014, Defendant Raymond A. Moreno removed the case to federal court asserting that this Court has diversity jurisdiction. *See* Docket No. 1 (notice of removal). MOAB has now moved for a remand back to state court on two grounds: (1) the removal by Mr. Moreno was not timely made; and (2) diversity jurisdiction in this case is lacking.

///

///

///

---

[1] No timely opposition was filed to the motion to remand.

A. <u>Timeliness</u>

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) (stating that "[a] defendant may remove to federal district court an action first brought in state court when the district court would have original jurisdiction"). Under 28 U.S.C. § 1446, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

Here, documents attached to Mr. Moreno's notice of removal indicate that (1) MOAB filed its complaint in state court on October 16, 2013, *see* Docket No. 1 (complaint), and that (2) Mr. Moreno received a copy of the complaint at the latest by November 19, 2013, when he filed a demurrer to the complaint. *See* Docket No. 1 (demurrer, attached as Exhibit B to the notice of removal); *see also* Pl.'s RJN, Ex. 4 (demurrer). Mr. Moreno, however, did not file a notice of removal until more than thirty days after November 19, and therefore, as MOAB argues, his removal is untimely.

B. <u>Diversity Jurisdiction</u>

Even if Mr. Moreno's removal were timely made, a remand back to the state court is still proper because, as MOAB contends, there is an insufficient showing that there is diversity jurisdiction.

For purposes of this opinion, the Court assumes that MOAB and Mr. Moreno are completely diverse.[2] Nevertheless, even with this assumption, there is no diversity jurisdiction unless the

---

[2] In its motion, MOAB argues that both it and Mr. Moreno are citizens of California. While Mr. Moreno's notice of removal does indicate that he is a citizen of California, *see* Docket No. 1 (Not. of Removal. ¶ 6), it is not clear that MOAB is a citizen of California. In its unlawful detainer complaint, MOAB states that it is "a limited liability company duly organized under California law." Docket No. 1 (Compl. ¶ 1). But the Ninth Circuit has held that, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Court does not have before it information as to the citizenship of MOAB's owners/members.

2

amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  According to Mr. Moreno's notice of removal, "it is apparent [from the face of the complaint that] the amount in controversy more likely than not exceeds $75,000."  Docket No. 1 (Not. of Removal ¶ 7).  But the face of the complaint indicates that MOAB is seeking damages of only $106.67 per day (representing the fair rental value for the premises at issue), starting on October 16, 2013.  *See* Docket Not. 1 (Compl. ¶ 10).  This case would have to be litigated for almost two years for it to exceed the $75,000 threshold.  The fact that the property at issue may be worth more than $75,000 is irrelevant.  If MOAB prevails in its action, Mr. Moreno's "liability will be measured by the fair rental value of the property for the time [he] unlawfully occupied it."  *Bank United v. Peters*, No. C 11-1756 PJH, 2011 U.S. Dist. LEXIS 54884, at *4 (N.D. Cal. May 23, 2011) (also stating that "the amount in controversy is not the assessed value or the sales value of the property").

C.    Impermissible Removal

Finally, even if there were diversity jurisdiction, remand would still be appropriate because, under § 1441, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [*i.e.*, diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  As indicated above, Mr. Moreno's own papers indicate that he is a citizen of California, and therefore, removal was not proper.

## II.    CONCLUSION

For the foregoing reasons, the Court grants MOAB's motion to remand.  The Clerk of the Court shall close the file in this case.

This order disposes of Docket No. 6.

IT IS SO ORDERED.

Dated: February 6, 2014

_____
EDWARD M. CHEN
United States District Judge

3